IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **Debra Garza** | § | |
| | § | |
| v. | § | Civil Action No. 2:23cv120 |
| | § | |
| **DG Tex LLC** | § | |
| **Dolgencorp of Texas, Inc.** | § | |

### PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

#### Parties

1. Plaintiff, Debra Garza, is an individual that is a citizen of the State of Texas.

2. Defendant DOLGENCORP OF TEXAS, INC. is a Foreign Corporation doing business in the State of Texas and has made an appearance and filed an answer in this cause. DG Tex LLC has been non-suited from this case, prior to removal of this action.

Defendant DOLGENCORP OF TEXAS, INC. does business under the name "Dollar General" and will hereinafter be referred to by name, as Defendant, or as "Dollar General".

#### Jurisdiction

3. This Court has diversity jurisdiction over the foreign parties named in this lawsuit under 28 U.S.C. §§1332 and 1441(a).

#### Venue

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the incident which forms the basis of this lawsuit occurred in this district.

#### Facts

5. Plaintiff, Debra Garza entered the Dollar General Store located at 1366 Navigation Blvd., in Corpus Christi, Nueces County, Texas on or about April 25, 2022 for the purpose of shopping for items. Defendant is engaged in retail sales, and by it's conduct, had extended an open invitation to the public, including Plaintiff, to enter the subject premises on the date in question.

Consequently, Plaintiff was an invitee on or about April 25, 2022, to whom Defendant, including Defendant's agents, servants, and employees owed a duty to use ordinary care to protect and safeguard Plaintiff from harm while on Defendant's premises, including unreasonably dangerous conditions on the premises and to warn the Plaintiff of their existence.

6. Defendant is engaged in the retail business of selling various household and other items and products under the store name commonly known as "Dollar General" in and around the United States, including Corpus Christi, Texas. As such, in the state of Texas, Dollar General is open for business, and the general public, including Plaintiff herein, is invited into Dollar General premises for shopping and purchase of various household and other products sold by Defendant.

8. By its conduct, Defendant DOLGENCORP OF TEXAS, INC. as the owner of the Dollar General brand, extended an open invitation to the public, including Plaintiff, to enter the premises of the Dollar General store located at 1366 Navigation Blvd., in Corpus Christi, Nueces County, Texas. Consequently, Plaintiff was an invitee on or about April 25, 2022, to whom Defendant DOLGENCORP OF TEXAS, INC. owed a duty to use ordinary care, including the duty to protect and safeguard the Plaintiff from unreasonably dangerous conditions on the premises and to warn the Plaintiff of their existence.

11. Plaintiff, Debra Garza, who had entered the store to shop, was leaving the Dollar General store in question, and as Plaintiff walked through the only way to exit the store, a large unsecured floor mat at the outer threshold of the doorway was folded over, unknown to Plaintiff, causing Plaintiff to trip due to the hazard which was left to remain on Defendant's premises in the path of invitees such as Plaintiff. As a result of the dangerous condition of Defendant's premises, Plaintiff tripped and fell to the ground which caused Plaintiff to sustain substantial bodily injuries. Plaintiff suffered multiple bodily injuries as a result of the fall. The negligent action on the part of

the Defendant, Defendant's agents, servants and/or employees, in allowing a hazard on the premises to remain without removal or warning, proximately caused the incident in question and the resulting injuries and damages sustained by Plaintiff Debra Garza, for which Plaintiff now seeks recovery.

### Negligence

12. Defendant failed to protect and safeguard Plaintiff from the unreasonably dangerous and hazardous condition on the premises in question, and failed to provide Plaintiff with a safe and hazard-free environment while upon Defendant's premises.

13. Defendant failed to inspect the premises and/or failed to require the inspection of the premises, to discover the dangerous and/or hazardous condition on the premises, and thereby make repairs or otherwise to remedy or warn of the dangerous and/or hazardous condition existing on said premises, which dangerous and/or hazardous condition should have been timely corrected or warning signs placed in plain view, in order to protect and safeguard Plaintiff.

14. Plaintiff would show the Court that Defendant was negligent in one or more of the following respects:

   a. Failing to inspect the premises in order to discover the hazardous condition created by the unsecured floor mat on the ground within Defendant's premises, and in the only path for public invitees to exit the premises, to prevent injury to public invitees such as Plaintiff Debra Garza;

   b. Failing to implement and/or require the implementation of company policies or procedures for inspection of the premises in order to discover the hazardous condition created by the unsecured floor mat placed on the ground and in the path of public invitees, to prevent injury to public invitees such as Plaintiff Debra Garza;

   c. Failing to timely inspect the premises in order to discover the hazardous condition created by the unsecured floor mat placed on the ground and in the path of public invitees, to prevent injury to public invitees such as Plaintiff Debra Garza;

   d. Failing to implement and/or require the implementation of policies or procedures for the timely inspection of the premises in order to discover the hazardous condition created by the unsecured floor mat placed on the ground and in the path of public invitees, to prevent injury to public invitees such as Plaintiff Debra Garza;

   e. Failing to warn Plaintiff of the hazardous condition created by the unsecured floor mat placed on the ground to prevent injury to public invitees, such as Plaintiff Debra Garza;

    f.    Failing to implement and/or require the implementation of policies or procedures for warning Plaintiff of the hazardous condition created by the unsecured floor mat placed on the ground to prevent injury to public invitees, such as Plaintiff Debra Garza;

    g.    Failing to timely warn Plaintiff of the hazardous condition created by the unsecured floor mat placed on the ground to prevent injury to public invitees, such as Plaintiff Debra Garza;

    h.    Failing to implement and/or require the implementation of policies or procedures to timely warn Plaintiff of the hazardous conditions created by the unsecured floor mat placed on the ground to prevent injury to public invitees, such as Plaintiff Debra Garza;

    i.    Failing to post warning signs at or near the area where the unsecured floor mat was placed on the ground and in the path of public invitees, to prevent injury to public invitees, such as Plaintiff Debra Garza;

    j.    Failing to maintain the premises during business hours free of hazardous conditions created by the unsecured floor mat placed on the ground to prevent injury to public invitees, such as Plaintiff Debra Garza;

    k.    Failing to properly train its employees/supervisors;

    l.    Failing to provide adequate staffing and support;

    m.    Failing to properly supervise employees caused by Defendants' methods of operation.

    n.    Failing to implement and/or require the implementation of operational policies or procedures for the maintenance of the premises in question free of hazardous conditions during business hours; and

    o.    Failing to secure the subject floor mat on the ground at the only public exit from Defendant's premises on the date in question.

15.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, were the proximate cause of the injuries and damages sustained by Plaintiff, Debra Garza, as more fully described below.

16.    At all times material hereto, all agents, servants, and/or employees for the Defendant who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

17. While upon the premises of Defendant DOLGENCORP OF TEXAS, INC., located at 1366 Navigation Blvd., in Corpus Christi, Nueces County, Texas, Plaintiff suffered serious and disabling bodily injuries as a direct result of a fall. Said injuries and fall were proximately caused by the negligence of Defendants in allowing a dangerous and/or hazardous condition within Defendants' premises, with no warning signs, which said Defendants, their agents, servants and/or other employees/supervisors knew, or in the exercise of ordinary care, should have known created a danger to its patrons such as Debra Garza.

18. The unsecured mat was an unreasonably dangerous condition left on the Defendant's property. Prior to her injury, Plaintiff had no knowledge of this condition. Defendant, on the other hand, had both actual and constructive knowledge of this unreasonably dangerous condition before this incident occurred. Although Defendant knew (both actually and constructively) of this unreasonably dangerous condition, Defendant failed to protect and safeguard Plaintiff from the unreasonably dangerous and hazardous condition on its premises. Defendant also failed to provide warning as to this unreasonably dangerous condition. Plaintiff's injuries were proximately caused by the negligence of Defendant in having actual and/or constructive knowledge of the existence of an unreasonably dangerous condition yet allowing the condition to exist and remain on Defendant's premises without warning.

19. Plaintiff would assert and allege that the Defendant, its agents, servants and/or employees/supervisors, negligently failed to properly maintain the property and supervise its employees, and without warning signs, and/or negligently or willfully permitted such condition to exist, and/or negligently or willfully failed to warn Plaintiff of the dangerous and/or hazardous condition, despite the fact that said Defendants, its agents, servants and/or other employees knew, or, in the exercise of ordinary care, should have known of said condition to warn all of its patrons that there was a likelihood of someone being injured, as happened to the Plaintiff, Debra Garza. That Defendant, its agents, servants and/or employees/supervisors should have exercised

ordinary care in the maintenance and/or inspection of said premises. Plaintiff would further assert and allege that the Defendant, its agents, servants and/or employees/supervisors knew, or, in the exercise of ordinary care, should have known of the existence of the unreasonably dangerous and/or hazardous condition caused by one or more of said Defendants' methods of operation, and/or negligence in not placing warning signs, and/or that said Defendants negligently or willfully failed to take reasonable precautions or actions to guard against such hazard and/or protect its patrons and employees.

20. Each of the foregoing negligent acts and/or omission, whether taken singularly or in any combination, were the proximate cause of the injuries and damages sustained by Plaintiff, Debra Garza, as more fully described herein.

## Damages

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Debra Garza, was caused to suffer bodily injuries, and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Debra Garza for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Nueces County, Texas;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering which will, in all reasonable probability, be sustained in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in all reasonable probability, will be suffered in the future;

   g. Disfigurement in the past;

   h. Disfigurement which will, in all reasonable probability, be sustained in the future;

   i. Mental anguish in the past; and

j.  Mental anguish which will, in all reasonable probability, be sustained in the future.

22.  By reason of all of the above, Plaintiff, Debra Garza, has suffered losses and damages in a sum for which this lawsuit is brought.

23.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Debra Garza, was caused to suffer general bodily injuries.

24.  Plaintiff is entitled to recover pre-judgment and post-judgment interest as provided by law.

25.  Plaintiff is seeking monetary relief over $250,000.00.

## Jury Demand

26.  Plaintiff respectfully requests a jury trial in this matter.

## Prayer

27.  WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer herein and that upon final hearing, Plaintiff have judgment against Defendant for damages in excess of $250,000.00, together with all pre-judgment and post-judgment interest as allowed by law, costs of suit, and such other and further relief that Plaintiff may be justly entitled by law and equity to which the Court deems appropriate.

Respectfully submitted,

/s/ Ed Chapa

**Ed Chapa**
Federal I.D. No.: 16463
SBN: 04113900
Email: edchapa@bonillachapalaw.com
2727 Morgan Avenue
P.O. Box 5488
Corpus Christi, Texas 78465-5488
Telephone: 361/881-1000
Facsimile: 361/881-1028
Attorney in Charge for Plaintiff
Debra Garza

OF COUNSEL:
Bonilla & Chapa, P.C.
2727 Morgan Avenue
Corpus Christi, Texas 78405

## CERTIFICATE OF SERVICE

I certify that on August 15, 2023, a true and correct copy of the foregoing document was submitted with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the ECF system of the Court, with electronic service on all counsel of record and/or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2) as follows:

Robert E. Valdez
Sara R. Ramon
VALDEZ & TREVIÑO
ATTORNEYS AT LAW, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230

/s/ Ed Chapa
Ed Chapa